ADAM GORDON
United States Attorney
ASHLEY KAINO-ALLEN
Assistant U.S. Attorney
Texas Bar No. 24099412
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8835

Attorneys for Plaintiff
United States of America

FILED
SEP 10 2026
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

United States District Court

Southern District of California

UNITED STATES OF AMERICA,

Plaintiff,

v.

EDMOND MARTINEAU,

Defendant.

Case No. 26cr3559-AHG

**Plea Agreement**

It is hereby agreed between the plaintiff, the United States of America, through its counsel, Adam Gordon, United States Attorney, and Ashley Kaino-Allen, Assistant United States Attorney, and Defendant, Edmond Martineau, with the advice and consent of Hector Tamayo, counsel for Defendant, as follows:

//

//

//

//

//

//

AAK:8/18/26

Def. Initials EM

# I

# The Plea

*A. The Charge*

Defendant agrees to waive Indictment and plead guilty to a single count Information charging Defendant with:

> On or about November 18, 2025, within the Southern District of California, the defendant, Edmond Martineau, did forcibly assault a person named in Title 18, United States Code, Section 1114, namely, Department of Homeland Security, Homeland Security Investigations Special Agent G. Ramirez, while the agent was engaged in and on account of the performance of official duties; in violation of Title 18, United States Code, Section 111(a)(1), a misdemeanor.

*B. Parties' Agreement as to Filings*

In contemplation of this plea agreement, Defendant agrees not to file or argue any substantive motions, including those described in Rule 12 of the Federal Rules of Criminal Procedure. In return for the concessions made by the government herein, Defendant agrees as follows:

1. After Defendant has entered a guilty plea, and notwithstanding any preservation order, the government need not hold or preserve any evidence seized in connection with this case, including cell phones.
2. After Defendant has entered a guilty plea, Defendant will not oppose any motion by the government to lift or revoke any preservation order.

*C. Additional Charges*

The government agrees to not prosecute Defendant for other crimes with higher penalties for the exact conduct as outlined in this plea agreement unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.



Def. Initials EM
-mj-

## II

## Nature of the Offense

*A. Elements Explained*

The offense to which Defendant is pleading guilty has the following elements:

<u>Count 1</u>

1. Defendant forcibly assaulted Special Agent G. Ramirez.
2. Defendant did so while Special Agent G. Ramirez was engaged in, or on account of, his official duties.

Defendant acknowledges and understands that for purposes of the offense to which he is pleading guilty, a forcible assault includes intentionally threatening a person coupled with an apparent ability to inflict injury which causes that person to have a reasonable apprehension of immediate bodily harm.

*B. Factual Basis—Elements Understood and Admitted*

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On or about November 18, 2025, Defendant forcibly assaulted Special Agent G. Ramirez by slapping Special Agent G. Ramirez in the face with Defendant's hand.
2. Defendant did so while Special Agent G. Ramirez was engaged in, or on account of, his official duties.

## III

## Penalties

The crime to which Defendant is pleading guilty carries the following penalties:

a. A maximum one year in prison.

b. A maximum $100,000 fine.

c. A mandatory special assessment of $25 per count.

d. A term of supervised release of up to one year. Failure to comply with any of the conditions of supervised release could result in revocation of



Def. Initials EM

-mj-

supervised release, which could result in Defendant serving in prison all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

e. Possible ineligibility for certain federal benefits.

## IV

## Waiver of Trial Rights

By entering this guilty plea, Defendant waives the right at trial to:

a. Continue to plead not guilty and require the government to prove the elements of the crime beyond a reasonable doubt.

b. A speedy and public trial by jury.

c. The assistance of counsel at all stages of trial.

d. Confront and cross-examine adverse witnesses.

e. Testify and present evidence and to have witnesses testify on behalf of Defendant.

f. Not testify or have any adverse inferences drawn from the failure to testify.

## V

## No Pretrial Right to Impeachment Information

Any information known to the undersigned prosecutor establishing the Defendant's factual innocence in this case has been turned over to Defendant, and the government will continue to provide any information establishing the Defendant's factual innocence.

If this case proceeded to trial, the government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the government would be required to provide information in its possession that supports such a defense. By pleading guilty, Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack based on the existence of this information.



Def. Initials EM
-mj-

## VI

## Guilty Plea Is Knowing and Voluntary

Defendant represents that:

a. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license. None of these collateral consequences can serve as grounds to withdraw Defendant's guilty plea.

b. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

c. No one has threatened Defendant or Defendant's family to induce this guilty plea.

d. Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

## Agreement Limited to Southern District of California

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

## Applicability of Sentencing Guidelines

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has

discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the statutory maximum.

The parties may recommend immediate sentencing without a presentence report. The Court may agree if it finds sufficient information in the record to enable the meaningful exercise of sentencing authority pursuant to 18 U.S.C. § 3553. Defendant agrees to request that a rap sheet be prepared. Defendant has been advised and understands that should the sentencing judge order a presentence report, Defendant nevertheless has no right to withdraw the plea.

## IX

## Sentence Is Within Sole Discretion of Judge

This plea agreement is made in accordance with Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge, who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The government has not made and will not make any representation as to what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation made by the government at sentencing is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

## Parties' Sentencing Recommendations

*A. Sentencing Guideline Calculations*

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, and Adjustments:



Def. Initials EM
-mj-

| | | |
|---|---|---|
| 1. | Base Offense Level – § 2A2.4 | 10 |
| 2. | Physical Contact – § 2A2.4(b)(1)(A) | +3 |
| 3. | Acceptance of Responsibility – § 3E1.1 | −2/3 |

*B. Acceptance of Responsibility*

Despite paragraph A above, the government need not recommend an adjustment for acceptance of responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility. Such conduct includes, but not limited to, the following:

1. Failure to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denying or making a statement inconsistent with the factual basis set forth in this agreement.
2. Falsely denying prior criminal conduct or convictions.
3. Being untruthful with the government, the Court, or a probation officer.
4. Breaching this plea agreement in any way.

*C. Further Adjustments and Sentence Reductions*

Defendant may request or recommend additional downward adjustments or variances from the Sentencing Guidelines under 18 U.S.C. § 3553 that are not set forth in section X, paragraph A above.

*D. No Agreement as to Criminal History Category*

The parties have no agreement as to Defendant's criminal history category, except that, if Defendant is determined to be a career offender, the parties agree that Defendant is automatically in Criminal History Category VI under U.S.S.G. § 4B1.1(b).

*E. "Factual Basis" and "Relevant Conduct" Information*

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

*F. Parties' Recommendations Regarding Custody*

The parties jointly recommend one year of probation.



Def. Initials EM

-mj-

*G. Special Assessment and Fine*

The parties will jointly recommend that Defendant pay a special assessment in the amount of $25 per count of misdemeanor conviction to be paid at the time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties have no agreement as to a fine and the government may recommend that Defendant pay a monetary fine to be paid at the time of sentencing. The government may also recommend an additional fine to cover the cost of imprisonment, supervised release, or probation, in accordance with 18 U.S.C. § 3572(a)(6).

**XI**

**Defendant Waives Appeal and Collateral Attack**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is that Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the government may support on appeal the sentence or restitution order actually imposed.

**XII**

**Breach of the Plea Agreement**

Defendant and defense counsel know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised) and cannot later be made to any court. If such claims are later made to a court, it shall constitute a breach of this agreement.



Def. Initials EM
-mj- -

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement, regardless of whether the plea agreement has been accepted by the Court. The following are non-exhaustive examples of acts constituting a breach:

a. Failing to plead guilty pursuant to this agreement.

b. Failing to fully accept responsibility as established in section X, paragraph B, above.

c. Failing to appear in court.

d. Attempting to withdraw the plea.

e. Failing to abide by any court order related to this case.

f. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of section XI of this plea agreement.

g. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the government will be relieved of all its obligations under this plea agreement. For example, the government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed because of this agreement. Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges. In addition, the government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the government's pursuit of remedies for Defendant's breach.

If Defendant breaches this plea agreement, the following are admissible against Defendant in any prosecution of, or any action against, Defendant: (1) any statements made by Defendant, under oath, at the guilty plea hearing (before either a magistrate



Def. Initials EM

-mj-

judge or a district judge); (2) the factual basis statement in section II.B in this agreement; and (3) any evidence derived from such statements. Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the government, or are inadmissible under the United States Constitution, any statute, Federal Rule of Evidence 410, Federal Rule of Criminal Procedure Rule 11(f), and any other federal rule.

**XIII**

**Contents and Modification of Agreement**

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing and signed by all parties.

**XIV**

**Defendant and Counsel Fully Understand Agreement**

By signing this agreement, Defendant certifies that Defendant has read it (or it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//

//

//

//

//

//

//



Def. Initials EM

-mj-

**XV**

**Defendant Satisfied with Counsel**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

Respectfully submitted,

ADAM GORDON
United States Attorney

09/03//2026
Dated

*Alexandra F. Foster for*
ASHLEY KAINO-ALLEN
Assistant U.S. Attorney

9/2/2026
Dated

HECTOR TAMAYO
Defense Counsel

**In addition to the foregoing provisions to which I agree, I swear under penalty of perjury that the facts in the "factual basis" paragraph above are true.**

9/2/2026
Dated

EDMOND MARTINEAU
Defendant

Approved by:

*/s/ Lyndzie M. Carter*
LYNDZIE M. CARTER
Assistant U.S. Attorney

*rev. 4/27/2026 def*



Def. Initials EM
-mj-